IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                                              Case No. 2:11-CR-00083

PETER HESSER,

Defendant.

_____

### DEFENDANT'S TRIAL BRIEF

Comes now the Defendant Peter Hesser, through his undersigned counsel, and hereby submits the following brief regarding some important issues that will arise during trial.

**I. Summary of Case.**

Defendant Peter Hesser is charged in the superceding indictment with 3 violations of 18 U.S.C. §287, in addition to the crime of tax evasion proscribed by 26 U.S.C. §7201. That indictment asserts that Hesser filed false and fraudulent income tax returns with the IRS for the years 2005, 2006 and 2007, and separately committed tax evasion. However, a defense to these charges is that Hesser acted in good faith, and here specifically, Hesser will be asserting at trial that he relied in good faith on an accountant who prepared the returns in question.

Each count of the indictment includes the element of "willfulness," which is commonly described as acting in violation of a known legal duty. See *Cheek v. United States*, 498 U.S. 192 (1991). But a defense to such a charge is that of acting in good faith: a

1

"defendant's belief * * *, if held in good faith, is a defense to a finding of willfulness even if the belief is unreasonable." See *United States v. Wisenbaker*, 14 F.3d 1022, 1025 (5th Cir.1994). The failure to instruct correctly regarding this essential "willfulness" element has caused reversals. See *United States v. Morris*, 20 F.3d 1111 (11th Cir. 1994); and *United States v. Flitcraft*, 803 F 2d 184 (5th Cir. 1986).

This brief explains the scope of the testimony that may be offered in defense as well the type of exhibits that may be admitted via a defendant's testimony.

## II. Testimony Regarding Hesser's Intent Is Plainly Admissible.

The crimes charged in the indictment in this case are "intent" crimes, and to defend, Hesser must be given the full opportunity to explain to the jury that he lacked the requisite intent to commit such crimes. To accomplish such, he has both the right to fully testify, and further he may offer into evidence relevant exhibits to prove his non-criminal intent. The right to testify in one's own behalf, submit evidence and call witnesses is an essential part of due process.  See *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045 (1973).

One case among many explaining the theory for excluding hearsay at trial is *United States v. Norwood*, 798 F.2d 1094, 1097 (7th Cir. 1986), where that court stated:

> "We exclude out-of-court statements as hearsay for several reasons. See generally C. McCormick, *McCormick on Evidence* § 245 (3d ed. 1984). First, the declarant, that is the person who made the statement, rather than the intermediary who relates it, was not under oath when he made the statement. Second, the declarant is not present at trial. His absence deprives the trier-of-fact of the opportunity to assess the declarant's demeanor and credibility. Third, the declarant is not subject to cross-examination. Indeed, in criminal cases, the denial of the defendant's right to test the declarant's statements in the crucible of cross-examination rises to constitutional magnitude. See

*Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

> "These reasons for excluding testimony as to an out-of-court statement come into play, however, only when the out-of-court statement is offered to prove the truth of the matter asserted. An out-of-court statement that is offered to establish its effect upon a hearer, rather than to prove the truth of the matter asserted, is no different than any other out-of-court event about which a witness might testify."

Many courts hold that testimony regarding out-of-court statements NOT offered for the truth of the matter asserted does not constitute hearsay as defined in F.R.Evi. 801.

F.R.Evi. 803(3) permits the introduction into evidence of a "statement of the declarant's then existing state of mind" as an exception to the hearsay rule. This "state-of-mind" exception to the hearsay rule has its genesis in *Mutual Life Insurance Co. v. Hillmon*, 145 U.S. 285, 12 S.Ct. 909 (1892).[1] Here, several insurance companies were sued to recover damages arising from their failure to pay death benefits. The death of the insured, Hillmon, was disputed and the insurance companies offered several relevant letters in defense. In reversing judgments in favor of the insured's family and holding that the letters were admissible, the Court held:

> "A man's state of mind or feeling can only be manifested to others by countenance, attitude or gesture, or by sounds or words, spoken or written. The nature of the fact to be proved is the same, and evidence of its proper tokens is equally competent to prove it, whether expressed by aspect or conduct, by voice or pen. When the intention to be proved is important only as qualifying an act, its connection with that act must be shown, in order to warrant the admission of declarations of the intention. But whenever the intention is of itself a distinct and material fact in a chain of circumstances, it may be proved by contemporaneous oral or written declarations of the party.

---

[1] See *Hayes v. York*, 311 F.3d 321, 325 (4th Cir. 2002), explaining the *Hillmon* origins of Rule 803(3).

"The existence of a particular intention in a certain person at a certain time being a material fact to be proved, evidence that he expressed that intention at that time is as direct evidence of the fact, as his own testimony that he then had that intention would be," 145 U.S., at 295.

"The rule applicable to this case has been thus stated by this court: 'Wherever the bodily or mental feelings of an individual are material to be proved, the usual expressions of such feelings are original and competent evidence. Those expressions are the natural reflexes of what it might be impossible to show by other testimony. If there be such other testimony, this may be necessary to set the facts thus developed in their true light, and to give them their proper effect. As independent explanatory or corroborative evidence, it is often indispensable to the due administration of justice. Such declarations are regarded as verbal acts, and are as competent as any other testimony, when relevant to the issue. Their truth or falsity is an inquiry for the jury.' *Insurance Co. v. Mosley*, 8 Wall. 397, 404, 405," 145 U.S., at 296.

See also *Scott v. Townsend*, 159 S.W. 342, 355 (Tex.Civ.App.-Ft. Worth 1913)("That physical suffering, intentions, ill feelings, affections, and other emotions, when they are material circumstances to establish an issue, may, on the principle of *res gestæ*, be established by proof of declarations contemporaneous with such intentions or feelings indicating them is a familiar doctrine; and this exception to the general rule, which excludes hearsay testimony, is as well established as is the rule itself."); *Buckeye Powder Co. v. DuPont Powder Co.*, 248 U.S. 55, 59, 39 S.Ct. 38 (1918); *Chichester Chemical Co. v. United States*, 49 F.2d 516, 519 (D.C. Cir. 1931)("'When the good faith or the intent of a party in a given affair is in issue, his acts and sayings in relation to it at about the time of the transaction generally constitute the best evidence of the fact, and are always competent.'"); *United States v. O'Brien*, 51 F.2d 37, 41 (4th Cir. 1931) (evidence "may be admitted as tending to show the intentions and state of mind or feeling of the writer where intention or

4

state of mind is of itself a distinct and material fact."); *Shapiro v. Rubens*, 166 F.2d 659, 664 (7th Cir. 1948); *Gann v. Meek*, 165 F.2d 857, 859 (5th Cir. 1948); *Raborn v. Hayton*, 34 Wn.2d 105, 109, 208 P.2d 133 (1949)("A relevant state of mind may be proven by the person's own, out-of-court, uncross-examined, concurrent statements as to its existence."); *Bryson v. United States*, 238 F.2d 657, 661 (9th Cir. 1956)("proof of intent may be made through declarations and expressions which tend to show present intent, as an exception to the hearsay rule."); *In re Spiegelglass*, 48 N.J. Super. 265, 271, 137 A.2d 440 (1958)("It is, of course, settled law that by way of exception to the hearsay rule, a person's state of mind may be established by his contemporaneous declarations. They furnish the court with a valuable form of evidence, under some circumstances the best proof that can be had, as to what he was thinking at the time; their value lies simply in this, that they are current expositions of his thoughts."); *Commonwealth v. Wilson*, 394 Pa. 588, 600, 148 A.2d 234 (1959)("Intention, viewed as a state of mind, is a fact, and the commonest way for such a fact to evince itself is through spoken or written declarations. It is, therefore, because of the impossibility, in many cases, of proving intention apart from personal declarations, that they are admitted."); *Mayor of Philadelphia v. Educational Equality League*, 415 U.S. 605, 645, 94 S.Ct. 1323 (1974); *United States v. Badalamenti*, 794 F.2d 821, 826 (2nd Cir. 1986) ("statements of future intent are not excludable as hearsay"); *United States v. Torres*, 901 F.2d 205, 239 (2nd Cir. 1990)("'[a] declarant's out-of-court statement of intent may be introduced to prove that the declarant acted in accordance with that intent.'"); and *United*

*States v. Best*, 219 F.3d 192, 198 (2nd Cir. 2000)("A declarant's out-of-court statement as to his intent to perform a certain act in the future is not excludable on hearsay grounds. See Fed.R.Evid. 803(3) ('[a] statement of the declarant's then existing state of mind . . . such as intent' is 'not excluded by the hearsay rule'). If relevant, such a statement may be introduced to prove that the declarant thereafter acted in accordance with the stated intent.").

In *United States v. Parry*, 649 F.2d 292 (5th Cir. 1981), convictions were reversed due to the exclusion of "state of mind" testimony. The court held:

> "It is our judgment that the court erred in excluding the proffered testimony. First, we find that Parry's out-of-court statement to his mother is simply outside the scope of the hearsay prohibition. Rule 801(c) of the Federal Rules of Evidence defines hearsay as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' The reasons for excluding hearsay are clear: when an out-of-court statement is offered as a testimonial assertion of the truth of the matter stated, we are vitally interested in the credibility of the out-of-court declarant. Because a statement made out of court is not exposed to the normal credibility safeguards of oath, presence at trial, and cross-examination, the jury has no basis for evaluating the declarant's trustworthiness and thus his statement is considered unreliable. *McCormick on Evidence* § 245 (2d ed. 1972); 5 *Wigmore on Evidence* §§ 1361, 1362 (1974); *United States v. Carter*, 491 F.2d 625 (5th Cir. 1974). Implicit in both the definition and justification for the rule, however, is the recognition that whenever an out-of-court statement is offered for some purpose other than to prove the truth of the matter asserted, the value of the statement does not rest upon the declarant's credibility and, therefore, is not subject to attack as hearsay," Id., at 294-95.

> "Using an out-of-court utterance as circumstantial evidence of the declarant's knowledge of the existence of some fact, rather than as testimonial evidence of the truth of the matter asserted, does not offend the hearsay rule. McCormick, supra, § 249; 6 *Wigmore*, supra, § 1790; see e. g., *United States v. Enstam*, 622 F.2d 857, 865 (5th Cir. 1980); cert. denied, ___ U.S. ___, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981); *United States v. Bankston*, 603 F.2d 528, 531 n. 1 (5th Cir. 1979); *United States v. Bobo*, 586 F.2d 355, 371-72 (5th Cir. 1978). Contrary to the government's position, the danger that the jury could improperly use the out-of-court statement as an

6

assertion to be believed does not render the statement inadmissible. Where evidence is admissible for one purpose but not for another, the accepted practice is to admit the evidence with instructions that the jury consider the evidence only for the permissible purpose. Wigmore, supra, § 13. A different rule applies only where the probative value of the evidence when used for its allowable purpose is outweighed by the prejudice that would result if the evidence were used for its improper purpose. *United States v. Brown*, 490 F.2d 758, 764-65 (D.C. Cir. 1973). In this case the dangers associated with the jury's possible misuse of the out-of-court statement are not sufficient to require that the evidence be excluded. The court should admit the statement and give a limiting instruction that the statement is admissible only as circumstantial evidence of Parry's knowledge and not as evidence of the truth of the matter asserted," Id., at 295.

See also *United States v. Figueroa*, 818 F.2d 1020, 1026 (1st Cir. 1987)("The Federal Rules teach that only out-of-court declarations offered 'to prove the truth of the matter asserted' constitute hearsay. Fed.R.Evid. 801(c). Statements proffered to show something other than the accuracy of their contents — to show, say, the knowledge or state of mind of the declarant or one in conversation with him — are not considered hearsay."); *United States v. Harris*, 733 F.2d 994, 1004 (2nd Cir. 1984) ("These statements were admissible, not for their truth, but instead as circumstantial evidence of Harris's state of mind — his knowledge of Steward's cooperation."); *United States v. Detrich*, 865 F.2d 17, 21 (2nd Cir. 1988)("Where, as here, the statement is offered as circumstantial evidence of Detrich's state of mind, it does not fall within the definition given by Rule 801(c); because it was not offered to prove the truth of the matter asserted."); *Nuttall v. Reading Company*, 235 F.2d 546, 551 (3rd Cir. 1956)("One of the exceptions to the rule excluding hearsay is that a man's declarations as to his state of mind may be used to establish that state of mind and, to some degree, such other things as proof of a state of mind tends to establish."); *United States v. Leake*, 642 F.2d 715,

7

720 fn 6 (4th Cir. 1981)("Fed.R.Evid. 803(3) provides that the hearsay rule will not exclude a 'statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed. . .' Leake was therefore competent to testify to what went on in his mind. Leake's testimony regarding his conversation with Graham would be meaningless unless both sides of the conversation were recounted to the jury. Graham's statements to Leake were admissible, therefore, as necessary to explain the context in which Leake made the statements revealing his state of mind."); *United States v. Rubin*, 591 F.2d 278, 283 (5th Cir. 1979)("As Rubin explained at trial, he did not offer the statements to prove the truth of the matter asserted, but instead to prove that he had heard them and to establish their effect on his state of mind. See *Dutton v. Evans*, 400 U.S. 74, 88, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). Thus, Rubin's proffered testimony was not hearsay, and because it was relevant to his state of mind, it should have been admitted. See Fed.R.Evid. 401 & 402."); *United States v. Cantu*, 876 F.2d 1134, 1137 (5th Cir. 1989) ("If the significance of a statement 'lies solely in the fact that it was made,' rather than in the veracity of the out-of-court declarant's assertion, the statement is not hearsay because it is not offered to prove the truth of the matter asserted."); *United States v. Branham*, 97 F.3d 835, 851 (6th Cir. 1996)("'Hearsay' is defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' Fed.R.Evid. 801(c). However, 'if the

significance of a statement lies solely in the fact that it was made,' rather than in the veracity of the out-of-court declarant's assertion, the statement is not hearsay because it is not offered to prove the truth of the matter asserted.'"); *Hartman v. United States*, 215 F.2d 386, 394 (8th Cir. 1954)("This court and others have consistently held that where the intent of the accused is in issue, he may testify as to what his intent was, *Cummins v. U.S.*, 8 Cir., 232 F. 844; *Buchanan v. U. S.*, 8 Cir., 233 F. 257; *Haigler v. U.S.*, 10 Cir., 172 F.2d 986; *Miller v. U.S.*, 10 Cir., 120 F.2d 968, and it must be held that the exclusion of defendant's answer that he had relied upon his auditor, Mr. Nolte, who had prepared his income tax returns for many years, as well as for the year in question, was erroneous. Defendant's statement that he relied on his accountant bore directly on the vital issue and the exclusion of it from the jury's consideration was plainly very important and highly prejudicial. It is argued that it might be inferred from other parts of the record that defendant was claiming that he had relied on the accountant. But it was his right to have his direct and positive oath to that effect received in evidence and considered by the jury. The denial of that right must be held to be erroneous."); *United States v. Cline*, 570 F.2d 731, 734-35 (8th Cir. 1978)("The testimony of Pumpkinseed was not admitted into evidence to prove the truth of anything asserted therein. Rather it was offered simply to show that the conversation occurred. * * * What was said may have had a bearing on the state of mind and the actions of appellant. Appellant's state of mind was, of course, relevant in determining whether the killing was second degree murder, manslaughter, or self-defense. Consequently, the testimony was non-hearsay and admissible. See

9

Fed.R.Evid. 801(c)."); *Terrovona v. Kincheloe*, 852 F.2d 424, 427 (9th Cir. 1988)("Under

an exception to the hearsay rule, if the performance of a particular act by an individual is an

issue in a case, hearsay can be admitted to show the individual's intention (state of mind) to

perform the act."); *Miller v. United States*, 120 F.2d 968, 970 (10th Cir. 1941)("Whenever

the belief of a person or the motive of his act or conduct is material, he may not only directly

testify that he had no intent to defraud, but he may buttress such statement with testimony of

relevant circumstances, including conversations had with third persons or statements made

by them, tending to support his statement that he had no intent to defraud."); *United States*

*v. Brown*, 411 F.2d 1134, 1137 (10th Cir. 1969) ("In recognition of this rule the trial court

properly allowed appellant to testify as to the agreement claimed to have been reached

between him and Speer, including conversations with Speer and other persons. *Haigler v.*

*United States*, 10 Cir., 172 F.2d 986. Such testimony when directed to probe subjective intent

is not hearsay."); and *Hernandez v. United States*, 608 F.2d 1361, 1364 (10th Cir.

1979)("'The testimony in question related to the fact of Cordova's knowledge, not whether

the statements made to him were true or false,' and was not hearsay.").

Several courts have described the type of testimony that a defendant may give in a

case of this nature.  For example, in *United States v. Wellendorf*, 574 F.2d 1289, 1290 (5th

Cir. 1978), the court concluded:

> "Wellendorf's first contention is that his testimony concerning the advice he received
> at a tax protestors' meeting was improperly excluded as hearsay thereby weakening
> his defense of good faith. The trial judge erred in excluding this testimony since it was
> offered for proof of Wellendorf's intent and not for the truth of the statement. See

10

Federal Rules of Evidence, Rules 801(c), 803(3)."

In *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1991), which reversed a tax conviction on the grounds that evidence offered by a defendant regarding his intent was erroneously excluded, that court stated:

> "The Supreme Court in *Cheek* held that 'forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision.' *Cheek*, 111 S.Ct. at 611. Although a district court may exclude evidence of what the law is or should be, see *United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th Cir. 1987), cert. denied, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988), it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant thought the law was in § 7203 cases because willfulness is an element of the offense. In § 7203 prosecutions, statutes or case law upon which the defendant claims to have actually relied are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance. See *United States v. Harris*, 942, F.2d 1125, 1132 n. 6 (7th Cir. 1991); *United States v. Willie*, 941 F.2d 1384, 1391-99 (10th Cir. 1991). Legal materials upon which the defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue: the court remains the jury's sole source of the law. In addition, the court may instruct the jury that the legal material admitted at trial is relevant only to the defendant's state of mind and not to the requirements of the law, and may give other proper cautionary and limiting instructions as well."

The Sixth Circuit has followed *Powell* and likewise reversed a conviction where similar evidence was excluded; see *United States v. Gaumer*, 972 F.2d 723 (6th Cir. 1992).

Here, Hesser should be allowed to fully testify regarding his intent, and that testimony can include recounting conversations he had with third parties to the extent that the same relate to his intent; moreover, he may offer documents he relied upon, including legal materials.

11

### III. Documents Authored by Hesser.[2]

Letters, emails and other documents written by Hesser are not necessarily hearsay, and may be admissible under the "state of mind" exception to the hearsay rule. See *Mutual Life Insurance Co. v. Hillmon*, 145 U.S. 285, 295-96, 12 S.Ct. 909 (1892), discussed *supra*. After the decision in *Hillmon*, a number of courts held that letters and similar documents authored by a declarant were admissible as not being hearsay; see *United States v. O'Brien*, 51 F.2d 37 (4th Cir. 1931)(suicide note was admissible); and *Seattle-First Nat. Bank v. Randall*, 532 F.2d 1291 (9th Cir. 1976)(diaries of elderly lady admitted on state-of-mind basis).

In *United States v. Harris*, 942 F.2d 1125, 1130 (7th Cir. 1991), the prosecution contended that defendant Harris, a purported "call-girl" charged with tax crimes, earned income via the payments made to her by her paramour. Harris sought to offer into evidence some letters authored by her lover disclosing that such funds were gifts, but the trial court excluded the same. The appellate court held that "the letters were not hearsay because they were offered to prove Harris' lack of willfulness, not for the truth of the matters asserted." See also *Sears v. Southern Pacific Company*, 313 F.2d 498, 501 (9th Cir. 1963)("As proof of the condition of the property and past complaints concerning that condition, the statements were hearsay, but the exhibit was not offered to prove those facts; instead, counsel was careful to state that the purpose of the letter was simply to show that the defendant had

---

[2] See *Shelden v. Barre Belt Granite Emp. Union Pension*, 25 F.3d 74, 79 (2nd Cir. 1994)("under a long-established exception to the hearsay rule, the existence of the plan or intention may be proven by evidence of 'the person's own statements as to its existence,' 6 J. Wigmore, Evidence § 1725, at 129 (Chadbourn rev. 1976).").

12

knowledge of the alleged hazard from and after the date it received the letter. So limited, the exhibit should have been admitted."); and *United States v. Shannon*, 137 F.3d 1112, 1118 (9th Cir. 1998) ("Shannon argues that the admission of the letter from David Eck to Angela Shannon during her cross-examination constituted hearsay. Hearsay consists of out-of-court statements 'offered in evidence to prove the truth of the matter asserted.' Fed.R.Evid. 801(c). We determine that the Eck letter did not constitute hearsay because the government did not offer the letter to prove the truth of the matter asserted. Rather the government offered the Eck letter to prove Shannon's knowledge of the threat letter on the basis that she received a warning from Eck.").

Here, documents authored by Hesser (such as letters and e-mails) will not be offered for any purpose other than to demonstrate what his intentions and beliefs were at or about the time at issue. As such, the same are plainly admissible.

### IV. Defense of Reliance.

The prosecution intends to offer at trial 3 income tax returns that it contends were filed by Hesser but were false, thus allegedly demonstrating that Hesser violated 18 U.S.C. §287. In defense, Hesser intends to show that he conferred with an accountant, who provided advice to him about such returns and advised him that he could file them, a defense characterized as "good faith reliance on an accountant."

A number of courts recognize this defense. See *United States v. Phillips*, 217 F.2d 435, 441 (7th Cir. 1954)(reliance on advice of counsel theory rejected, and caused reversal);

*Bursten v. United States*, 395 F.2d 976, 981-982 (5th Cir. 1968)(same); *United States v. Platt*, 435 F.2d 789, 792-793 (2nd Cir. 1970)(error to refuse to give an instruction on good faith reliance on expert advice in tax case); *United States v. Mitchell*, 495 F.2d 285, 288 (4th Cir. 1974); *United States v. Eisenstein*, 731 F.2d 1540, 1543 (11th Cir. 1984)(CTR case); and *United States v. Duncan*, 850 F.2d 1104, 1117 (6th Cir. 1988)("claimed defense of good faith reliance upon a tax preparer or tax counsel is a critical circumstance that may be dispositive of the central issue of willfulness.").

More recently in *United States v. Kottwitz*, 614 F.3d 1241, 1270-1272 (11th Cir. 2010), that court reversed convictions when a trial court refused to give such an instruction. In this case, Hesser's requested "reliance" instruction is derived entirely from that submitted in the *Kottwitz* case.  It is critical to give Hesser's "theory of defense" instruction. See *United States v. Opdahl*, 930 F.2d 1530, 1533 (11th Cir. 1991).

### V. Reverse 404(b) Evidence.

Rule 404(b), F.R.Evi., prohibits the use of other "bad acts" to prove the character of any person, although an exception to this general rule allows use of such evidence to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident". While prosecutors use such evidence frequently, use of such evidence by the defense has been infrequent, although such use has been approved by a number of courts via the moniker, "reverse 404(b) evidence."

In *United States v. Stevens*, 935 F.2d 1380, 1404 (3rd Cir.1991), the defendant had

been charged with robbery and sex offenses committed at Fort Dix and at trial he attempted to prove that some other person may have committed the offenses. On appeal, that court approved use of such evidence, holding that "'[i]t is well established that a defendant may use similar 'other crimes' evidence defensively if in reason it tends, alone or with other evidence, to negate his guilt of the crime charged against him.'" See also *Holt v. United States*, 342 F.2d 163, 165-66 (5th Cir. 1965)("the general rule that evidence of separate and independent crimes is inadmissible in the trial of a defendant on a criminal charge, and the exception to that rule that evidence of separate and independent crimes closely connected in time, place and manner is admissible to show a common scheme or plan or to identify defendant as the one who committed the crime with which he has been charged. Then an additional exception was spelled out to the effect that a defendant on trial for the commission of a crime, in order to negative his guilt, may show that other crimes of a similar nature have been committed at or about the same time by some person other than himself."); *United States v. Cohen*, 888 F.2d 770, 776 (11th Cir. 1989);  *United States v. McClure*, 546 F.2d 670, 672-73 (5th Cir. 1977); *United States v. Robinson*, 544 F.2d 110, 112-13 (2nd Cir. 1976); and *United States v. Montelongo*, 420 F.3d 1169, 1174 (10th Cir. 2005)("The [r]ule is not so limited in its application, however, and evidence of a witness' other wrongs, acts, or crimes is admissible for defensive purposes if it tends, alone or with other evidence, to negate the defendant's guilt of the crime charged against him. (Internal quotation marks omitted.)").

## CONCLUSION

For the reasons expressed above, the defendant Hesser should be permitted to fully

testify about his intent and offer other evidence in defense.

Respectfully submitted this the 20th day of November, 2012.

/s/ *Lowell H. Becraft, Jr.*

Lowell H. Becraft, Jr.
Attorney for Defendant Hesser
ASB 5005-F66L
403-C Andrew Jackson Way
Huntsville, AL 35801
256-533-2535
becraft@hiwaay.net

Local counsel:
Kevin Shirley
126 E Olympia Ave, Suite 304
Punta Gorda, FL 33950
941-639-5746

### CERTIFICATE OF SERVICE

I hereby certify that on this date, November 20, 2012, I electronically transmitted this
motion to the Clerk of the Court using the CM/ECF system for filing, which will send
notification of such filing to the following:

Douglas Molloy
US Attorney's Office - FLM
Room 3-137
2110 First Street
Ft Myers, FL 33901

/s/ *Lowell H. Becraft, Jr.*

Lowell H. Becraft, Jr.

16