UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER HESSER,

    Petitioner,

v.　　　　　　　　　　　　　　　　Case No: 2:16-cv-632-FtM-29CM
　　　　　　　　　　　　　　　　　　Case No. 2:11-CR-83-FTM-29CM
UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #154)[1] filed on August 12, 2016. The government filed a Response in Opposition to Motion (Cv. Doc. #8) on November 29, 2016. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

On October 3, 2012, a federal grand jury in Fort Myers, Florida returned a four-count Second Superseding Indictment (Cr. Doc. #62) charging Peter Hesser (Hesser or petitioner) with three counts of filing false tax returns with the Internal Revenue

_____

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Service for calendar years 2005, 2006, and 2007 in violation of 18 U.S.C. § 287 and 18 U.S.C. § 2 (Counts One, Two, Three), and one count of attempting to evade and defeat the payment of income tax, penalties, and interest due and owing to the United States for calendar years 2001, 2002, and 2003, in violation of 26 U.S.C. § 7201 (Count Four). Petitioner proceeded to trial, and on December 5, 2012, a jury returned verdicts of guilty on all counts. (Cr. Doc. #101.)

On March 11, 2013, the district court sentenced petitioner to concurrent terms of 36 months imprisonment as to each count, concurrent terms of supervised release, and restitution of $296,246.00. (Cr. Docs. #121, 123.) Judgment (Cr. Doc. #123) was filed on March 13, 2013.

Petitioner filed a direct appeal, and on September 8, 2015, the Eleventh Circuit Court of Appeals affirmed the convictions and sentences, but vacated the restitution order for further proceedings. (Cr. Doc. #146.)[1] After a hearing, a Judgment Upon Remand (Cr. Doc. #151) was filed which reduced restitution to $123,495.18. As the government concedes (Cv. Doc. #8, p. 2), petitioner's current motion was timely filed.

---

[1] United States v. Hesser, 800 F.3d 1310 (11th Cir. 2015).

**II.**

Petitioner raises three grounds of ineffective assistance of counsel. In Ground One, petitioner argues that trial counsel was ineffective by failing to properly move for a judgment of acquittal based on the insufficiency of evidence. (Cv. Doc. #1, pp. 14-18.) As a sub-issue, petitioner argues that his trial attorney "went further in his ineffectiveness by unreasonably calling as a witness at trial the defendant." (Cv. Doc. #1, p. 15.) In Ground Two, petitioner argues that trial counsel provided bad advice regarding the hazards of testifying on his own behalf, and therefore his acceptance of the advice was not knowing, voluntary, and intelligent. (Cv. Doc. #1, pp. 18-20.) Only the first portion of Ground One is meritorious.

**A. Ineffective Assistance of Counsel Standard**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. See Hinton v. Alabama, 571 U.S. 263, 272-73 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366

(2010)). The proper measure of attorney performance is "simply reasonableness under prevailing professional norms" considering all the circumstances. Hinton, 571 U.S. at 273 (internal quotations and citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (stating courts must look to the facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. See Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010).

Under the prejudice prong of Strickland, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. As a general rule petitioner must affirmatively prove prejudice because "attorney errors come in an

infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

**B. Ground One: Failure to Make or Preserve Rule 29 Motion**

The first portion of Ground One is that petitioner's trial attorney provided ineffective assistance of counsel by failing to make a Rule 29(a) motion based upon the insufficiency of the evidence at the end of the government's case-in-chief, and by failing to renew or make such a motion at the end of all the evidence in the case. The Court agrees in part.

At the close of the government's case-in-chief, petitioner's counsel moved for a judgment of acquittal on Count Three based on the lack of a signature on Form 1040, but failed to make a motion for judgment of acquittal on any count based on the sufficiency of the evidence.

> (At sidebar, Court, counsel and defendant present)
>
> MR. MOLLOY: Your Honor, it is the Government's intention to rest at this point. I understand Mr. Becraft may have some motions; he may not.
>
> MR. BECRAFT: Just real quick, Judge, I'd like to -- we don't need to belabor this on these Count 3 for the year 2007, Your Honor. I'd just maintain that it's not sufficient proof

> for a false claim count to prove to be
> submitted in this case which is an unsigned
> Form 1040. It's the 1040 form that constitutes
> the basis for the claim. It's unsigned and
> there's been no evidence that it was, quote,
> submitted by Pete Hesser. That's my Rule 29 on
> one count. That's all.

(Cr. Doc. #113, pp. 79, 82-83.) The district court denied the motion, and petitioner testified on his own behalf and counsel presented testimony from several other witnesses. At the conclusion of all the testimony, defense counsel did not renew his Rule 29(a) motion as to Count Three or make a Rule 29(a) motion as to any count. (Cr. Doc. #115, p. 221.)

The procedure to preserve a motion based on the insufficiency of the evidence is well established.

> [A] defendant may move the district court for
> a judgment of acquittal at the close of the
> government's evidence or at the close of all
> of the evidence. If the defendant moves for a
> judgment of acquittal at the close of the
> government's case-in-chief, the motion is
> denied, and the defendant thereafter presents
> evidence, his presentation of evidence
> generally "operates as a waiver of his
> objection to the denial of his motion for
> acquittal." United States v. Jones, 32 F.3d
> 1512, 1516 (11th Cir. 1994). In that case, to
> preserve his objection, the defendant must
> renew his motion at the close of all of the
> evidence. See id.

United States v. DeGennaro, 309 F. App'x 350 (11th Cir. 2009)(citing Fed. R. Crim. P. 29(a)). The failure to renew or make a motion for judgment of acquittal does not foreclose appellate review of the sufficiency of the evidence, but it does

result in application of the more strenuous manifest miscarriage of justice standard. United States v. Edwards, 526 F.3d 747, 756 (11th Cir. 2008).

If properly made and preserved, the district court's denial of a motion for judgment of acquittal is reviewed *de novo*. United States v. Chafin, 808 F.3d 1263, 1268 (11th Cir. 2015); United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011). Under the *de novo* standard, the Eleventh Circuit reviews the evidence in the light most favorable to the government, makes all inferences and credibility choices in the government's favor, and then determines whether a reasonable jury could have found the defendant's guilt beyond a reasonable doubt. United States v. Fries, 725 F.3d 1286, 1291 (11th Cir. 2013); Gamory, 635 F.3d at 497.

> But where a defendant does not move for acquittal or otherwise preserve an argument regarding the sufficiency of the evidence in the court below, the defendant must shoulder a somewhat heavier burden: we will reverse the conviction only where doing so is necessary to prevent a manifest miscarriage of justice. This standard requires us to find either that the record is devoid of evidence of an essential element of the crime or "that the evidence on a key element of the offense is so tenuous that a conviction would be shocking.

Fries, 725 F.3d at 1291 (internal citations and punctuation omitted).

Petitioner argues that but for the ineffectiveness of counsel, the Eleventh Circuit would have applied the less-

result in application of the more strenuous manifest miscarriage of justice standard. United States v. Edwards, 526 F.3d 747, 756 (11th Cir. 2008).

If properly made and preserved, the district court's denial of a motion for judgment of acquittal is reviewed *de novo*. United States v. Chafin, 808 F.3d 1263, 1268 (11th Cir. 2015); United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011). Under the *de novo* standard, the Eleventh Circuit reviews the evidence in the light most favorable to the government, makes all inferences and credibility choices in the government's favor, and then determines whether a reasonable jury could have found the defendant's guilt beyond a reasonable doubt. United States v. Fries, 725 F.3d 1286, 1291 (11th Cir. 2013); Gamory, 635 F.3d at 497.

> But where a defendant does not move for acquittal or otherwise preserve an argument regarding the sufficiency of the evidence in the court below, the defendant must shoulder a somewhat heavier burden: we will reverse the conviction only where doing so is necessary to prevent a manifest miscarriage of justice. This standard requires us to find either that the record is devoid of evidence of an essential element of the crime or "that the evidence on a key element of the offense is so tenuous that a conviction would be shocking.

Fries, 725 F.3d at 1291 (internal citations and punctuation omitted).

Petitioner argues that but for the ineffectiveness of counsel, the Eleventh Circuit would have applied the less-

stringent *de novo* standard of review rather than the miscarriage of justice standard. Applying the *de novo* standard, the Court of Appeals would have reversed his convictions on direct appeal based on the insufficiency of the evidence, instead of affirming them under the miscarriage of justice standard. Thus, petitioner argues, he has established both deficient performance and prejudice.

**(1) Counts One, Two, and Three**

As the Eleventh Circuit has determined, petitioner's counsel did not make a Rule 29(a) motion based on the insufficiency of the evidence at the conclusion of the government's case or at the conclusion of all the evidence. Hesser, 800 F.3d at n.13. The Eleventh Circuit found that the evidence presented by the government in its case-in-chief was not sufficient to establish the falsity element of the first three counts. Hesser, 800 F.3d at 1320, 1322. Because no judgment of acquittal motion was made or renewed, however, the Eleventh Circuit reviewed all the convictions under a "manifest miscarriage of justice" standard. Hesser, 800 F.3d at 1320-23. Even though the government's evidence as to Counts One through Three was insufficient by itself, id. at 1322, the Eleventh Circuit found that when the record was considered in its entirety "the evidence on the issue of falsity was not so paltry as to render Hesser's false-claims convictions manifestly unjust." Hesser, 800 F.3d at 1320.

Under the facts of this case, trial counsel's failure to renew or make a motion for judgment of acquittal at the conclusion of all the evidence constituted ineffective assistance of counsel as to Counts One through Three. The omission was clearly deficient performance, since there can be no tactical or other legitimate reason to fail to make and renew such a motion in a case premised on circumstantial evidence. Additionally, this is one of those relatively rare cases where the evidence was not sufficient to satisfy the *de novo* Rule 29(a) standard, but was sufficient to satisfy the more stringent miscarriage of justice standard. Therefore, petitioner has shown prejudice.

Petitioner's convictions on Counts One through Three must be reversed because his attorney provided ineffective assistance of counsel by failing to properly challenge the sufficiency of the government's evidence when that evidence was in fact insufficient. Because the reversal is based upon an insufficiency of evidence, double jeopardy prevents petitioner from being re-tried on these counts, Burks v. United States, 437 U.S. 1 (1978), and therefore the judgment must be vacated without remand for a new trial.

**(2) Count Four**

As to the Count Four tax evasion count, the Government had to prove (1) willfulness, (2) the existence of a tax deficiency, and (3) an affirmative act constituting an evasion or attempted evasion of the tax. Hesser, 800 F.3d at 1323. Because Hesser also failed

to move for a judgment of acquittal on this count, the Eleventh Circuit reviewed that conviction under the "manifest miscarriage of justice" standard. Hesser, 800 F.3d at 1323.

Hesser argued on direct appeal that the Government failed to prove that he willfully committed any affirmative acts of tax evasion identified. The acts of evasion specified in the Second Superceding Indictment were Hesser's: (1) attempting to remove his assets from the examination of the IRS by converting his assets to gold and silver and quitclaiming his and his wife's house to a trust, (2) filing a fraudulent 2007 tax return, and (3) filing additional false income tax returns for 2005 and 2006. (Cr. Doc. #62, p. 2.)

Hesser argued that because the Government failed to prove that his 2007 return was actually false, it could not be an affirmative act of tax evasion. The Eleventh Circuit found that while the evidence presented by the government in its case-in-chief was not sufficient as to the 2007 overt act, the evidence was sufficient under the miscarriage of justice standard. Hesser, 800 F.3d at 1324. Thus, for the same reasons stated above, petitioner's counsel provided deficient assistance by failing to make a Rule 29 motion as to the 2007 overt act in Count Four, which resulted in actual prejudice.

The Eleventh Circuit did "not delve into the sufficiency of the Government's proof of the other acts alleged in Count Four of

the indictment" because the government only needed to prove one of the acts. <u>Hesser</u>, 800 F.3d at 1324. The Court is required to make such an inquiry in this § 2255 proceeding.

Looking at the third overt act shows that it suffers from the same error by counsel. The Eleventh Circuit found that the government had not established that falsity of the 2005 and 2006 tax returns under a *de novo* standard, but had satisfied the manifest injustice standard. Therefore, petitioner received ineffective assistance when counsel failed to make a Rule 29 motion as to the third overt act, and petitioner suffered actual prejudice.

This leaves only the first alleged overt act as possibly being sufficient to support the conviction on Count Four, i.e., Hesser's attempting to remove his assets from the examination of the IRS by converting his assets to gold and silver, and quitclaiming his and his wife's house to a trust. Looking only at the evidence presented in the government's case in chief, the Court finds the facts established this overt act under the Rule 29 standard, a Rule 29 motion would have been denied, the denial would have been upheld under *de novo* review, and that petitioner suffered no prejudice.

The government's evidence established petitioner attended weekly tax protestor meetings every Saturday in Punta Gorda starting in 2005, 2006, or 2007. (Cr. Doc. #112, pp. 87, 143,

144.) After making an assessment on April 3, 2006, the IRS filed a notice of tax lien later in April, and stated that the Hessers owed $23,000, for the year 2001. (Id., pp. 146, 148.) By the Fall of 2007, the IRS was sending letters trying to collect monies owed. (Id., p. 159.)

Petitioner's wife testified that petitioner hid bullion around the house because he "was afraid if IRS agents came in, they would be able to find it." (Cr. Doc. #112, p. 103.) Mrs. Hesser testified that in March 2011, petitioner provided her $50,000 to support a venture for her by using the gold and silver that he was hiding, and he funded other ventures as well. (Id., pp. 104, 165.) Mrs. Hesser also testified that she signed a quitclaim deed that came in the mail in Spring 2006 for the property at 41 Allworthy Street because petitioner told her to sign it, and it was placed in the name of the Michael D. Harris Trust. (Cr. Doc. #112, pp. 76, 155-157.) Mrs. Hesser testified that she believed that the transfer of the property was based on information that petitioner received during the tax protestor meetings. (Id., p. 99.) The real property was transferred to the trust, and Mr. Harris was appointed as the trustee to examine the mortgages for fraud and expose predatory lending practices. The deed was recorded on June 1, 2006. The property was transferred to the trust while subject to mortgages. (Cr. Doc. #113, pp. 103, 107, 121.) A certified copy of the deed was admitted. (Id., p.

106.) The government's evidence in chief was sufficient when viewed in the light most favorable to the government. Therefore, even if counsel had made a Rule 29 motion as to the overt act, it would have been properly denied.

   **C. Ground One, Sub-Issue A:  Attorney Decision to Call Petitioner as Witness**

Petitioner argues that his trial attorney "went further in his ineffectiveness by unreasonably calling as a witness at trial the defendant." (Cv. Doc. #1, p. 15.) The record establishes that it was petitioner's decision to testify, not counsel's, and therefore there was no ineffective assistance in calling petitioner as a witness.

During trial. the Court advised petitioner as follows:

> THE COURT:. . . . Let me talk to Mr. Hesser. I know you heard me during voir dire tell the jury that every defendant has a constitutional right not to testify. I specifically advise you that you have a constitutional right not to testify. You also have a constitutional right to testify. The choice as to whether you testify or do not testify is yours and yours alone. Your attorney can give you his best advice, but the bottom line is you get to decide whether you testify or not. The reason for that is it's a very important decision. You understand what I'm saying?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, after the recess, your attorney's indicated he anticipated calling you. If you testify in this case, I will assume you have decided that that's what you want to do.
>
> THE DEFENDANT: Right.

> THE COURT: Is that fair?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: On the other hand, if you sit there and don't testify, I'm going to assume that's the choice you made; you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You understand your two options?
>
> THE DEFENDANT: Yes, sir.

(Cr. Doc. #113, p. 202.) Petitioner thereafter testified on his own behalf. (Cr. Doc. #113, pp. 206-252; Cr. Doc. #115, pp. 4-160.)

It is well established law that the choice as to whether to testify or not is up to a defendant, not the defense attorney.

> A criminal defendant has a fundamental right to testify in his defense. Although often framed as a right to testify, it is more properly framed as a right to choose whether to testify. The "choice" concept reflects the competing considerations that make up this right; while the Fifth Amendment gives the accused the right to remain silent, courts have recognized that the accused also has the absolute right to break his silence and to testify. This right to choose is personal as well as fundamental, and the defendant must make this decision himself. Teague, 953 F.2d at 1532.

United States v. Hung Thien Ly, 646 F.3d 1307, 1313-14 (11th Cir. 2011 (internal citations omitted). The record in this case establishes that it was defendant who made that choice, not his attorney. There was no error in calling defendant as a witness at trial.

**D. Ground Two: Misadvising Petitioner Concerning His Testimony**

Ground Two alleges ineffective assistance for "misadvising" petitioner regarding the hazards of testifying on his own behalf, and his decision to testify was not knowing and voluntary. Petitioner argues that counsel was deficient when he "filled in the evidentiary gap" by having petitioner testify. (Cv. Doc. #1, p. 16.)

> Like other fundamental trial rights, the right to testify is truly protected only when the defendant makes his decision knowingly and intelligently. In cases where a defendant is represented by counsel, counsel is responsible for providing the advice needed to render the defendant's decision of whether to testify knowing and intelligent. Although it is the defendant—and not counsel—who ultimately retains the right to make this choice, the district court does not normally engage in a colloquy with the defendant to ensure that the decision was made knowingly and intelligently. Indeed, such a colloquy would improperly disturb the attorney-client relationship, and would suggest that the district court believed the defendant's choice improvident, Rather, a defendant represented at trial may vindicate his right to make a knowing and intelligent decision whether to testify through a claim of ineffective assistance of counsel.

Hung Thien Ly, 646 F.3d at 1313-14 (internal citations omitted). Petitioner makes no factual showing of any mis-information or bad advice given by counsel, and his conclusory statements are insufficient.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #154) is **GRANTED IN PART AND DENIED IN PART.**

2. Petitioner's Motion is granted as to the first part of Ground One, and otherwise denied as to Ground One Sub-part A and Ground Two.

3. The Court **reverses and vacates** the convictions as to Counts One, Two and Three of the Second Superseding Indictment (Cr. Doc. #62), as set forth in the Judgment (Cr. Doc. #123). The conviction as to Count Four shall remain as entered.

4. The Clerk of the Court shall enter a civil judgment accordingly and close the civil file. The Clerk is further directed to place a copy of this Opinion and Order and the civil Judgment in the criminal file.

5. The Clerk is further directed to issue an amended criminal judgment dismissing Counts One, Two, and Three pursuant to this Opinion and Order granting partial habeas relief, and otherwise leaving Count Four as previously stated in the original criminal judgment.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS AS TO GROUND TWO* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing as to Ground One Sub-Part A or Ground Two in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA