```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:11-cr-83-JES-NPM

PETER HESSER
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Opposed Motion to Correct Sentence Pursuant to Fed. R. Crim. P. 36 (Doc. #167) filed on November 10, 2021. The government filed a Response to Motion to Correct Sentence (Doc. #171) on November 18, 2021. Defendant filed a Reply (Doc. #172) on November 19, 2021, which the Court will accept and consider. For the reasons set forth below, the motion is granted.

I.

After of jury trial defendant Peter Hesser (defendant or Hesser) was convicted of three counts of making a false claim to the Internal Revenue Service (IRS) in violation of 18 U.S.C. § 287 (Counts One, Two, and Three) and one count of attempting to evade or defeat a tax in violation of 26 U.S.C. § 7201 (Count Four). According to the Presentence Report, restitution was required pursuant to USSG § 5E1.1 (Doc. #173, ¶98) and 18 U.S.C. § 3663(A) as to all of the Title 18 convictions (i.e., Counts One, Two, and

Three).  At the sentencing hearing, the Court overruled defendant's objection to the amount of restitution (Doc. #130, pp. 31-41), and calculated the restitution as the amount of the fraudulent refunds for the Title 18 offenses (id. at 36).  No restitution was imposed based on the tax conviction in Count Four.  On March 13, 2013, a Judgment was filed which included restitution in the amount of $296,246.00.  (Doc. #123, p. 5.)

On September 8, 2015, the Eleventh Circuit Court of Appeals affirmed defendant's convictions and sentences but vacated the restitution amount and remanded to the district court for recalculation of the amount of restitution.  (Doc. #146.)[1]  At a hearing on remand before the district court, counsel for both sides agreed to the restitution amount.  Therefore, on November 5, 2015, the Court issued a Judgment Upon Remand (Doc. #151) reflecting a revised restitution amount of $123,495.18.

Defendant's supervised release was completed in October 2018. (Doc. #171, ¶5.)

On June 28, 2019, the district court issued an Opinion and Order (Doc. #160) granting defendant's motion to vacate under 28

---

[1] The government incorrectly states that the Eleventh Circuit vacated defendant's convictions for Counts One through Three. (Doc. #171, p. 1 ¶ 1.)  See United States v. Hesser, 800 F.3d 1310, 1332 (11th Cir. 2015) ("In conclusion, we AFFIRM Hessers convictions, prison sentences, and supervised release. . . .")

U.S.C. § 2255 as to Counts One through Three based on ineffective assistance of counsel. The convictions as to Counts One, Two, and Three were set aside and vacated. On July 10, 2019, an Amended Judgment (Doc. #162) was entered reflecting a conviction as to Count Four only, re-imposing a term of imprisonment and supervised release, and leaving the restitution amount at $123,495.18. No appeal was filed from this Amended Judgment by any party.

## II.

Defendant asserts that the district court committed a clerical error by leaving restitution in the July 10, 2019 Amended Judgment. Since the district court had vacated the three Title 18 convictions, and restitution is not applicable to Title 26 offenses[2], defendant asks the Court to correct the error by deleting the restitution requirement pursuant to Fed. R. Civ. P. 36.

The government responds that the restitution ordered is no longer enforceable because defendant is no longer on supervised release, and thus there is no need to correct the Amended Judgment. (Doc. #171, p. 1.). The government also argues that the Court could have imposed restitution on the tax offense as a condition

---

[2] See United States v. Adams, 955 F.3d 238, 250 (2d Cir. 2020); United States v. Kilpatrick, 798 F.3d 365, 391 (6th Cir. 2015).

of supervised release. Further, the government argues that the motion should be denied as moot because defendant has made no payments after the Amended Judgment, the government's restitution lien has been released, and the government is not attempting to collect restitution.

### III.

Federal Rules of Criminal Procedure Rule 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 may not be used "to make a substantive alteration to a criminal sentence," but may be used to "correct an error in the record arising from oversight or omission." United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004). "Our precedent provides that while Rule 36 may be used to correct a 'clerical' error in a written judgment, "correction of the judgment [cannot] prejudice the defendant in any reversible way." United States v. Davis, 841 F.3d 1253, 1261 (11th Cir. 2016) (citation omitted).

The government is incorrect in arguing that there is no need to correct the Amended Judgment because restitution is not enforceable after a defendant completes his term of supervised release. The government may collect on the restitution portion

of a criminal judgment for at least twenty years, regardless of whether defendant continues to be under supervised release. The "liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." 18 U.S.C. § 3613(b).

The Government is correct that a district court has the authority to impose restitution on a Title 26 offense as a condition of supervised release. Adams, 955 F.3d at 250; Kilpatrick, 798 F.3d at 391. See also 18 U.S.C. § 3583(d) ("The court shall order, as an *explicit* condition of supervised release . . . that the defendant make restitution in accordance with sections 3663 and 3663A" (emphasis added)). The district court here, however, did not do so. As the Presentence Report and the sentencing transcript make clear, restitution was imposed only on the Title 18 offenses. To be sure, the Court did require payment of the restitution amount as a condition of supervised release (Doc. #162, p. 3), but it did not impose restitution under its supervised release authority.

Contrary to the government's contention, the matter of restitution is certainly not moot, and continues to cause mischief. Approximately three years after defendant completed his supervised release, the United States demanded payment of the restitution.

Defendant attaches a letter dated May 6, 2021, in which an AUSA in the Financial Litigation Program of the U.S. Attorney's Office notified counsel that defendant must enter a repayment plan and resume payment on the restitution set forth in the Amended Judgment.  (Doc. #172.)

No restitution had been imposed as to Count Four, and as a result of an oversight by the Court, the restitution was not deleted from the July 10, 2019 Amended Judgment.  This clerical error needs to be corrected.

Accordingly, it is hereby

**ORDERED**:

Defendant's Opposed Motion to Correct Sentence Pursuant to Fed. R. Crim. P. 36 (Doc. #167) is **GRANTED**.  The Clerk of the Court shall docket a Second Amended Judgment In A Criminal Case which deletes the restitution but leaves all other provisions the same as in the Amended Judgment (Doc. #162.)

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of December 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Clerk of Court